UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1998A12811 |
| vs. | § § § | |
| Karalyn Hill aka Karalyn James aka Karalyn Fuqua | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 36775 Mckinney, Apt. 302, Westland, Michigan 48185.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $6,831.80 |
| B. Current Capitalized Interest Balance and Accrued Interest | $14,468.66 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$21,300.46** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
    Holzman Corkery, PLLC
    Attorneys for Plaintiff
    Tamara Pearson (P56265)
    28366 Franklin Road
    Southfield, Michigan 48034
    (248) 352-4340
    usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name:     KARALYN HILL
AKA:      N/A
Address:  28664 EMERSON
          INKSTER, MI 48141

SSN:

Total debt due United States as of 09/02/97: $12,159.14

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 6,831.80 from 09/02/97 at the annual rate of 9%. Interest accrues on the principal amount of this debt at the rate of $1.68 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 09/21/81, 10/05/82 & 12/19/83 the debtor executed promissory note(s) to secure loan(s) from MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY, LANSING, MI under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 01/01/85 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $336.80 thereby increasing the principal balance due to $6,831.80.

After application of the last voluntary payment of $500.00 which was received on 10/16/96 the debtor now owes the following:

| | |
|---|---|
| Principal: | $ 6,831.80 |
| Interest: | $ 5,327.34 |
| Administrative/Collection Costs: | $    0.00 |
| Penalties: | $    0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

9/15/97
(Date)

_[signature]_
Loan Analyst
Litigation Branch

FA-459.1-E
4/79

"AN ADDENDUM TO INTERIM NOTE OF
EVEN DATE HEREWITH, EXECUTED BY THE
MAKER, IS INCORPORATED HEREIN."

Borrower Identification:
HILL, KARALYN
\* 0   GL 509793U
10-01-81

MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY
STATE DIRECT STUDENT LOAN PROGRAM

# INTERIM NOTE

Date SEPTEMBER 21, 1981

On DECEMBER 01, 1984, or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to the Michigan Higher Education Student Loan Authority, hereinafter called the Authority, or order the principal sum of $ 1,500.00 together with interest thereon from the date of disbursement of this loan at the rate of 09 % per annum. The undersigned, hereinafter called the Maker, shall pay such principal and interest at the office of the Authority at Lansing, Michigan, or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

**DISCLOSURE STATEMENT**
**Prepayment:** Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.
**Rebate:** Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment shall occur within 10 days of disbursement. In such case the full amount of the prepaid finance charge shall be rebated.
**Interest Accrual:** Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan

| | |
|---|---|
| Loan No. | **509793U** |
| (a) Amount of Loan | $ 1,500.00 |
| (b) Prepaid **FINANCE CHARGE** (Student Loan Insurance Premium) | $ 15.00 |
| (c) Amount Financed (a-b) | $ 1,485.00 |
| (d) **ANNUAL PERCENTAGE RATE** | |
| (1) Prior to repayment* | 00.32 |
| (2) During installment repayment | 09.00 |

*Based on the number of days between the projected first disbursement date of the loan and the stated maturity date

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges having read and understood the above disclosure statement and acknowledges receipt an exact copy of this Note at the time of execution of the Note.

Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized installment Payout Note to the Authority calling for the first payment no earlier than the maturity date of this note and for an interest rate, which is payable by the Maker which does not exceed the interest rate of this Interim Note. Estimated Payout Note Annual Percentage Rate is 7%. XXXXXXXXXXXXXX

**Insurance Premium:** The Maker agrees to the Authority's deduction of the student loan insurance premium from the Authority's first disbursement to the Maker and school. This amount is equal to the premium that the Authority is required to pay the Michigan Higher Education Assistance Authority in order to provide insurance coverage on this Note and such Premium is due upon disbursement of the loan. Such premium is equal to one percent (1%) of the amount of loan commitment which as of the date of this Note may reasonably be expected to be disbursed during the academic period for which the loan has been requested.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half-time status or (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date shall be not less than nine months or more than twelve months after the date of the occurrence of either events of acceleration

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half-time enrollment status at a participating school, non-attendance at any school or enrollment at a non-participating school, does not exceed a maximum of twelve continuous months, the maturity date of this Note may be extended to a date not less than nine months or more than twelve months after the date less than half-time attendance at a participating school occurred

**Deferment:** Once the maturity date of this Note occurs repayment is required to begin; however, repayment may be deferred to a maximum of 36 months if, prior to executing a repayment Note, the Maker enters the Armed Forces of the United States, the Peace Corps, full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service of 1973, or for any period the Maker is pursuing a full-time course of study at a participating school or is pursuing a course of study under a graduate fellowship program approved by the U.S. Commissioner of Education or at the request of the Maker, during a single period not in excess of twelve months during which the Maker is seeking and unable to find full-time employment.

RETURN TO SDSLP

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this Note solely to pay educational expe[nses] attendant to his or her attendance at a participating school at which the Maker is accepted for enrollment or is alre[ady] enrolled on this date and (2) send written notice to the Authority and to the Michigan Higher Education Assistance Authority any changes occurring in enrollment status, home address or the occurrence of any event which could ca[us]e the Holder declare this Note in default.

The Maker, if more than one, shall be jointly and severally liable and the term "Maker" whenever used [h]erein shall a[pply] to the Maker or any one or more of them. If the Maker shall default on this Note by reason of death or to[ta]l and perma[nent] disability, the indebtedness shall be paid in full to the Authority by the Michigan Higher Education Assist[a]nce Authority behalf of the Maker. If the Maker shall default on this Note by reason of delinquency, the unpaid bala[n]ce shall, at option of the Holder, become immediately due and payable without notice on demand and if the Holde[r] shall incur extra costs or expenses in connection with collections thereof, there shall additionally come due from the Ma[k]er all reason[able] expenses and attorney fees and the Holder may [ta]ke judgment for all such sums.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Publi[c] Acts of 19[xx] for the payment of the Note even though he or she may be under eighteen (18) years of age. No delay o[n] the part of Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exerc[is]e thereof, s[hall] constitute a waiver of any of such powers, options or rights

The Maker acknowledges if Maker and Holder agree an installment Payout Note may be executed calling f[o]r repayment begin earlier than the maturity date of this Note and for payments which exceed the $360 yearly minim[u]m or five y[ears] minimum term. In instances of such agreement the nine to twelve month grace period may not be restored; ho[w]ever, the Ma[ker] may at any time refinance this Note to the extent that the Maker may have a total note term of at least five ye[ars] but no more than ten years for repayment.

CO-MAKER  
SIGNATURE(S) **NOT REQUIRED**

PRINTED NAME

ADDRESS

SOCIAL SECURITY NO.

MAKER  
SIGNATURE *Karalyn Hill*

PRINTED NAME Karalyn Hill

ADDRESS 18660 Freeland

If social security different than preprinted a[t] top of fo[rm] (reverse side), enter here:

INTERIM NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holde[r] in the eve[nt] the Maker permits this Note to become in default as defined by regulations of the Michigan Higher Educ[a]tion Assistan[ce] Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Stat[e] of Michiga[n]

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official *Patrick Cummings*

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

*Robert Zier*

ROBERT ZIER Asst. Vice Pres.

Date: 5/17/85

FA-4599-E B/82

0 9 2 6 7 1 7 0 5

Borrower Identification:
HILL, KARALYN
# 1  GL 602533U
11-04-82

## MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY
## STATE DIRECT STUDENT LOAN PROGRAM

### INTERIM NOTE

Date **OCTOBER 05, 1982**

On **DECEMBER 01**, **1985**, or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to the Michigan Higher Education Student Loan Authority hereinafter called the Authority, or order the principal sum of $ **2,500.00** together with interest thereon from the date of disbursement of this loan at the rate of **09** % per annum. The undersigned, hereinafter called the Maker shall pay such principal and interest at the office of the Authority at Lansing, Michigan, or at such other place as the Authority shall designate to the Maker in writing in lawful money of the United States of America.

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to Repayment / During Repayment | | ☐ may  ☒ will not  have to pay a penalty. |
| 2.08 %   9.00 % | $2350.00 | ☒ may  ☐ will not  be entitled to a refund of part of the finance charge |
| | | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

**ITEMIZATION OF THE AMOUNT FINANCED**
Loan Amount  $2500.00
Less: Prepaid Finance Charge  $ 150.00
Includes:
  Insurance Premium  $ 25.00
  Origination Fee  $125.00
  ( 05 % of Loan Amount)
Equals: Amount Financed  $2350.00

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge | | Amount Financed |
|---|---|---|---|---|---|
| | | | Insurance Premium | Origination Fee | |
| First (or entire) | 11-04-82 | 2500.00 | 25.00 | 125.00 | 2350.00 |
| Second | | | | | |
| Third | | | | | |

### ACKNOWLEDGEMENT

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the previous provided rights and responsibilities, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan, plus interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or by arranging with the Authority a monthly repayment schedule. The repayment schedule shall call for interest charge which does not exceed the interest charge on this Note and any cosigner on this Note is equally liable during the repayment period.

The Maker acknowledges, if Maker and Authority agree, an installment repayment schedule may be executed calling for repayment begin earlier than the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this Note to the extent that the Maker may have a total Note term of at least five years but not more than ten years.

**Prepaid Finance Charges:** The Maker agrees to pay the Authority, in addition to interest and principal due, an amount equal to premium that the Authority is required to pay to the Michigan Guaranteed Student Loan Program in order to provide insurance coverage on this Note, and such premium is immediately due and payable. The Maker further agrees to pay an Origination Fee authorized by Federal Law. The amount of insurance premium and Origination Fee, calculated on the amount of loan reasonable expected to be disbursed, shall be paid at the time of the first disbursement; however, at the Authority's option the full amount the Origination Fee may be charged at the time of the first installment or the amount of the Origination Fee may be proportioned to the amount of each installment if the loan is disbursed in multiple installments. The insurance premium is refundable only if the loan check is returned to the Authority uncashed. The Origination Fee is refundable if the loan check is returned to the Authority uncashed or if the loan is disbursed in multiple disbursements and the full amount of the Origination Fee was charged on the first installment the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status, or (2) transferred to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than shall be six months after the date of the occurrence of either event of acceleration.

RETURN TO SDSLP

**Extension:** The Maker further agrees that if the expected completion of stud... date changes during the period... this loan and if a period of less than half time enrollment status at a participating school... non-attendance at any school or e... ollment at a participating school does not exceed the maximum grace period, the maturity date of this Note may be extend... The new period for loans evidenced by a Note at a 7% rate of interest may not b... less than nine months nor more t... in twelve... following the new completion of studies date. The new grace period for loan... evidenced by a Note at a rate gr... ter than... be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is require... to begin, unless the Maker is elig... and app... receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment h... been pr... provided on the Statement of Right... and Responsibilities.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced b... this note solely to p... ucational... xpenses atten... to his or her attendance at the participating school at which the Maker is accepted for enrollment... already en... lled on this... and (2) send written notice to the Authority and to the Michigan Guaranteed Student Loan Program... of any c... nges occurrin... enrollment status, home address or the occurrence of any event which would cause the Authority to declare his n... in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Author... by the Michi... Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason... delinquenc y unpaid balance shall, at the option of the Authority, become immediately due and payable without notic... on... mand and... Authority shall incur any extra costs or expenses in connection with collections thereof, there shall additionally c... e due from... Maker all reasonable expenses and attorney fees and the Authority may take judgement for all such sums. In th... event of def... the Authority may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may re... r this loan t... collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act... e Maker wi... subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of... 50, for the p... ment of the note even though he or she may be under eighteen (18) years of age. No delay on the part o... the Authority Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitu... r waiver of of such powers, options, or rights.

MAKER SIGNATURE _Karalyn Hill_

PRINTED NAME _KARALYN HILL_

ADDRESS _18660 FREELAND_
_DET. MI 48235_

If social security different than preprinted of to... of form side), enter here and attach cop... of social s... rity card check will be delayed unless card returned with N... te.

INTERIM NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment o... 100 percent of the unpaid principal balance to th... Authority... If e eve... Maker permits this Note to become in default as defined by regulations of the Michigan Higher Educati o... Assistanc... ull entir I event of default, the Maker's obligation to the Authority is transferred to the Michigan Higher Education A... istance Au... ori y.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official _Patrick Cummings_

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

_Robert Zier_
ROBERT ZIER Asst. Vice Pres.
Date: _5/17/85_

NOV 02 1982

FA-4599-E
8/82

0926717057

Borrower Identification:
HILL, KARALYN

3 GL 721284U
* * * - LP 0683/0584

HILL, KARALYN

## MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY
### STATE DIRECT STUDENT LOAN PROGRAM

### INTERIM NOTE

Date DECEMBER 19, 1983

On DECEMBER 01, 19 84, or on such accelerated or extended maturity date as provided herein, for value received the undersigned promises to pay to the Michigan Higher Education Student Loan Auth hereinafter called the Authority, or order the principal sum of $2,500.00 together with interest thereon from date of disbursement of this loan at the rate of 09 % per annum. The undersigned, hereinafter called the M shall pay such principal and interest at the office of the Authority at Lansing, Michigan, or at such other place a: Authority shall designate to the Maker in writing in lawful money of the United States of America.

| ANNUAL PERCENTAGE RATE | | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5¢ the payment, whichever is less |
|---|---|---|---|
| The cost of your credit as a yearly rate. | | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to Repayment | During Repayment | | ☐ may ☒ will not have to pay a penalty. |
| | | | ☒ may ☐ will not be entitled to a refund of part of the finance charge |
| 6.38 % | 9.00 % | $2350.00 | See the promissory note for any additional information about nonpayment default, any required repayment in full before the scheduled date, and pre payment refunds and penalties. |

**ITEMIZATION OF THE AMOUNT FINANCED**
Loan Amount $2500.00
Less: Prepaid Finance Charge $150.00
Includes:
Insurance Premium $25.00
Origination Fee $125.00
(05 % of Loan Amount)
Equals: Amount Financed $2350.00

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge | | Amount Financed |
|---|---|---|---|---|---|
| | | | Insurance Premium | Origination Fee | |
| First (or entire) | 12-01-83 | 2500.00 | 25.00 | 125.00 | 2350.0 |
| Second | | | | | |
| Third | | | | | |

## ACKNOWLEDGEMENT

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the previou provided rights and responsibilities, and acknowledges receipt of an exact copy of this Note at the time of execution of the Nc Principal amount of the loan, plus interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitt payment in full or by arranging with the Authority a monthly repayment schedule. The repayment schedule shall call for interest charge which does not exceed the interest charge on this Note and any cosigner on this Note is equally liable during 1 repayment period.

The Maker acknowledges, if Maker and Authority agree, an installment repayment schedule may be executed calling for repayment begin earlier than the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this Note to extent that the Maker may have a total Note term of at least five years but not more than ten years.

**Prepaid Finance Charges:** The Maker agrees to pay the Authority, in addition to interest and principal due, an amount equal to premium that the Authority is required to pay to the Michigan Guaranteed Student Loan Program in order to provide insural coverage on this Note, and such premium is immediately due and payable. The Maker further agrees to pay an Origination F authorized by Federal Law. The amount of insurance premium and Origination Fee, calculated on the amount of loan reasona expected to be disbursed, shall be paid at the time of the first disbursement; however, at the Authority's option the full amount the Origination Fee may be charged at the time of the first installment or the amount of the Origination Fee may be proportion to the amount of each installment if the loan is disbursed in multiple installments. The insurance premium is refundable only if the l check is returned to the Authority uncashed. The Origination Fee is refundable if the loan check is returned to the Authority uncasl or if the loan is disbursed in multiple disbursements and the full amount of the Origination Fee was charged on the first installme the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half-time status, or (2) trans to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than shall be six months after the date of the occurrence of either event of acceleration.

RETURN TO SDSLP

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new g period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve mo following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment have been previo provided on the Statement of Rights and Responsibilities.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses atten to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this and (2) send written notice to the Authority and to the Michigan Guaranteed Student Loan Program of any changes occurrin enrollment status, home address or the occurrence of any event which would cause the Authority to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Authority by the Mich Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, unpaid balance shall at the option of the Authority, become immediately due and payable without notice on demand and if Authority shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from Maker all reasonable expenses and attorney fees and the Authority may take judgement for all such sums. In the event of def the Authority may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer this loan t collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the p ment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Authority Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of of such powers, options, or rights.

MAKER SIGNATURE _Karalyn Zeel_

PRINTED NAME _Karalyn Hill_

ADDRESS _444 Prentis #2_

If social security **different** than preprinted at top of form (rever side), enter here and attach copy of social security card. Yo check will be delayed unless card returned with Note.

**INTERIM NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Authority in the event t Maker permits this Note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In t event of default, the Maker's obligation to the Authority is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official _Patrick Cummings_

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

_Robert Zier_
ROBERT ZIER Asst. Vice Pres.

Date: 5/17/85

JAN 03 1984

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_____  8/13/97
NAME                      DATE